UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOSEPH CARIONE,

                              Plaintiff,                    **MEMORANDUM & ORDER**

    -against-                                               03-CV-4024 (DRH) (MLO)

UNITED STATES OF AMERICA,

                              Defendant.
----------------------------------------------------------X

**A P P E A R A N C E S:**

**KASE & DRUKER**
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 225
Garden City, New York 11530
By: James O. Druker, Esq.

**UNITED STATES DEPARTMENT OF JUSTICE - TAX DIVISION**
Attorneys for Defendant
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
By: Alan M. Shapiro, Esq.

**UNITED STATES ATTORNEY OFFICE - EASTERN DISTRICT OF NEW YORK**
Attorneys for Defendant
610 Federal Plaza
Central Islip, New York 11722
By: Kevin P. Mulry, Esq.

**HURLEY, District Judge:**

*INTRODUCTION*

Plaintiff Joseph Carione filed suit against the United States, seeking a refund of income tax that he claims to have paid erroneously, and both parties moved for summary judgment. This Court held that the proceeds of Carione's 1998 sale of his business assets, held in escrow and then directly transferred to the Government in 2000 to satisfy an outstanding forfeiture judgment, constituted taxable income to him, but only in 2000, the year of the actual forfeiture. The Government now moves for reconsideration and alteration or amendment of the previous decision, arguing that because the escrow account in question was interest-bearing, "Plaintiff obtained an economic benefit from the proceeds in 1998, and thus they were properly included in his 1998 taxable income." For the reasons that follow, the Government's motion is DENIED.

*BACKGROUND*

The facts and proceedings underlying the present dispute were summarized in previous opinions, and need not be thoroughly restated. For present purposes, it is sufficient to note that Carione and Grand Carting, Inc. ("Grand Carting"), Carione's wholly-owned "S Corporation" were indicted for, and later pleaded guilty to, money laundering, money laundering conspiracy, and other crimes under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq. *See generally United States v. Hickey, et al.*, 96-CR-693. Carione subsequently sold Grand Carting's assets, and the sale proceeds were deposited in an escrow account with the Court, to be used to satisfy an upcoming forfeiture judgment. As the Government has noted, although these funds were at first placed

in a non-interest-bearing escrow account, they were soon transferred to an interest-bearing account. On August 9, 2000, the proceeds of the sale of Grand Carting were used to satisfy the forfeiture judgment.

In September 2000, Carione paid his 1998 federal income taxes, including $49,400 in taxes on the Grand Carting sale. Carione subsequently filed the present lawsuit, claiming that his gains from the sale of Grand Carting should not have been included in his taxable income. On March 17, 2005, upon both sides' summary judgment motions, this Court held that (1) the Grand Carting sale proceeds did not constitute taxable income to Carione during the years that they were held in escrow (1998 and 1999), but (2) their use to satisfy the forfeiture judgment in 2000 constituted an economic benefit, and thus taxable income, to Grand Carting and (3) thus to Carione, as its sole shareholder, in that year. The Government subsequently submitted the present motion for this Court to reconsider and alter or amend the first portion of that holding.

*DISCUSSION*

I. *Reconsideration and Alteration: Legal Standards*

The Government's motion is submitted pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e). Rule 59(e) motions to alter or amend a judgment are considered under essentially the same standard as Local Rule 6.3 motions for reconsideration. *Laxer v. NBA Properties, Inc.*, No. 96 Civ. 4449, et al., 1998 WL 372475, at *1 (E.D.N.Y. Apr. 28, 1998). This standard is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d

Cir. 1995). Such motions are committed to the "sound discretion of the district court," *see McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983), and the burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might "materially have influenced its earlier decision." *Anglo Am. Ins. Co. v. CalFed, Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996). The movant may neither repeat "arguments already briefed, considered and decided," nor "advance new facts, issues or arguments not previously presented." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted). Rather he must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

When reconsidering a prior summary judgment determination, a district court must be cognizant of the underlying legal standards governing summary judgment. *See, e.g., Senich v. American-Republic, Inc.*, Nos. 99 Civ. 1382 & 99 Civ. 1603, 2001 WL 34084380, at *4 (D. Conn. March 27, 2002). Summary judgment is appropriate when, drawing all factual inferences in favor of the party opposing summary judgment, there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987); *and Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996).

II. *The Government Fails To Offer Adequate Grounds for Reconsideration or Alteration of the Previous Judgment.*

As the Government suggests, this Court's March 17, 2005 Memorandum and Order did not "focus on" the tax consequences of the interest-bearing nature of Carione's escrow account. That does not, however, indicate that the Court "overlooked" the issue. Rather, the dearth of discussion on this issue reflects both the fact that the parties themselves did not focus on it, as well as this Court's implicit determination that the issue is inconsequential and unworthy of substantial discussion.

"Taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed — the actual benefit for which the tax is paid." *Corliss v. Bowers*, 281 U.S. 376, 378 (1930). The March 17, 2005 Order noted that funds deposited into an escrow account on a taxpayer's behalf are generally excluded from his taxable income, so long as the escrow account is bona fide and not under the taxpayer's control, and so long as the taxpayer "receives no present beneficial interest" from the funds while they are in escrow. Since Carione was unable to withdraw, transfer, or spend any of the escrowed Grand Carting sale proceeds, this Court reasoned that he received neither control, nor any form of present beneficial interest from those funds while they were held in escrow in 1998 and 1999. This analysis was primarily based on *Reed v. Commissioner*, 723 F.2d 138, 149 (1st Cir. 1983).

The Government does not argue that Carione could have withdrawn, transferred, or spent the interest earned on the sale proceeds of Grand Carting's assets prior to satisfaction

of the forfeiture judgment.[1]  Rather, the Government's sole argument is that merely by being placed in the interest-bearing escrow account in 1998, the sale proceeds were "put to work for the Plaintiff's benefit," and thus were taxable to him as income in that year, despite the fact that he had no control over the account.  Carione does not dispute that the escrow account was interest-bearing, but he argues in opposition that since he had no more control over the accruing interest than he had over the principal, he obtained no benefit from the account in 1998.  Carione is correct.

There is no dispute that the accrued interest on funds held in escrow, like the funds themselves, is taxable as income in the year that it actually offers the taxpayer some economic benefit.  *See*, *e.g.*, *Koehn v. Comer*, No. 97 Civ. 76328, 2003 WL 1735496, at *1 (E.D. Mich. Feb. 19, 2003).  For example, the use of such interest to reduce the taxpayer's previous tax liabilities constitutes taxable income.  *See id.*  However, the Government points to no case that, when fairly read, indicates that merely because an escrow account is interest-bearing, the deposit of funds into that escrow account constitutes a presently-taxable economic benefit.  In fact, the cases cited by the Government indicate that the opposite is true.

In *Reed v. C.I.R.*, 723 F.2d 138 (1st Cir. 1983), the First Circuit rejected the proposition that a taxpayer's "unconditional right to future payment from an irrevocable escrow account" constituted "taxable income in the year the escrow account was created"; the Court instead stressed that what mattered for taxability purposes is whether the taxpayer "received

---

[1]  The Government also does not suggest that the escrow arrangement in this case was in any other respect under Carione's control or less than fully bona fide.

a present beneficial interest in the escrow funds," in that they were the equivalent of investment income. *See generally id.* As the Government argues, *Reed* distinguished the First Circuit's prior holding in *Kuehner v. Commissioner*, 214 F.2d 437 (1st Cir. 1954). However, neither *Reed* nor *Kuehner* supports the Government's broad contention that "the taxpayer received a present, beneficial interest in the escrow funds in 1998 when the escrow funds were invested and began working to accrue interest for his benefit."

As the court explained in *Reed*, under the escrow agreement at issue in *Kuehner*, interest accruing on invested escrow funds was effectively payable to the petitioner as it accrued, and thus the "taxpayer's interest in the escrowed funds constituted a property interest equivalent to cash," and he "enjoyed a complete and present economic interest in the funds." The funds transferred into the escrow account in *Kuehner* were accordingly held to be taxable as income in the year of their transfer. *Reed*, 723 F.2d at 146 (citing *Kuehner*, 214 F.2d at 440). In *Reed*, by contrast, the taxpayer did not receive any "present beneficial interest" in income earned from the investment of funds held by the escrowee, but "merely obtained an unconditional promise that he would ultimately be paid."[2] Similarly, in the present case the Government has offered no indication that the interest on Carione's escrowed funds was

---

[2] The Government also cites *Pozzi v. Commissioner*, 49 T.C. 119 (1967). In that case, the Tax Court determined that the entirety of certain sale proceeds that the petitioners had arranged to have deposited into an "escrow" account were actually taxable as income in the year of their "deposit," because in that year the funds were "constructively received by [the] petitioners." *Id.* at 126-28. That is, the court held that notwithstanding the "refinements of title," the taxpayers' arrangement was not a bona fide escrow account, because the taxpayers at all times retained "command over the property." *Id.* at 128. Contrary to the Government's suggestion, the fact that the "escrowed" proceeds earned interest was not a deciding factor in the decision. *See generally id.*

payable to him as it accrued; it has instead implicitly endorsed Carione's argument that the interest was given the same treatment as the principal — that is, it was placed in escrow beyond Carione's reach — at least until its use in satisfying his outstanding forfeiture obligations in 2000.

The common-sense notion that interest accruing on escrowed funds is not taxable until it actually bestows some tangible economic benefit upon the taxpayer finds explicit support in *Stone v. Commissioner*, 47 T.C.M. (CCH) 1502, 1984 WL 14442 (April 16, 1984). In that case, the Tax Court rejected the Government's contention that interest on escrowed property is taxable as income in the years in which it accrues, and instead stressed that because this interest "was not set apart for or made available to" the taxpayer in those years, the taxpayer did not actually or constructively receive the interest as income. If, as previously established, money placed in bona fide escrow is not presently taxable to its eventual recipient, and if, as indicated by *Stone*, interest earned on that principal sum is similarly not presently taxable, then it seems patently illogical to suppose that the entire presently untaxable escrowed sum becomes presently taxable merely by the accrual of presently untaxable escrowed interest.

In sum, the Government has failed to demonstrate that this Court overlooked any controlling decisions or material facts that were before it on the previous motions, and that might have materially influenced its earlier decisions on those motions.

*CONCLUSION*

For all of the reasons above, the United States's motion for reconsideration and

alteration is DENIED.

**SO ORDERED.**

Dated:	Central Islip, New York
	May 2, 2005	/s/
	Denis R. Hurley
	United States District Judge